ROBERT M. PETERSON [Bar No.: 100084]
MELISSA A. DUBBS [Bar No.: 163650]
CARLSON, CALLADINE & PETERSON LLP
353 Sacramento Street, 16th Floor
San Francisco, California 94111
Telephone:   (415) 391-3911
Facsimile:   (415) 391-3898

Attorneys for Defendant
TRAVELERS PROPERTY CASUALTY
INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| RYAN BEAUDIN<br><br>    Plaintiff,<br><br>vs.<br><br>TRAVELERS PROPERTY CASUALTY INSURANCE COMPANY; and DOES 1 through 100, inclusive,<br><br>    Defendants. | CASE NO.: C09-01577 CW<br><br>STIPULATION REGARDING CONTINUATION OF DEFENDANT'S MOTION TO DISMISS PURSUANT TO F.R.C.P. RULE 12(b)(6); [PROPOSED] ORDER |

Plaintiff RYAN BEAUDIN and Defendant TRAVELERS PROPERTY CASUALTY INSURANCE COMPANY (hereinafter "Parties") through their respective attorneys of record hereby agree and stipulate as follows:

1.    This is a first party insurance coverage action in which judgment creditor and assignee Plaintiff, RYAN BEAUDIN ("Beaudin") has sued Defendant TRAVELERS PROPERTY CASUALTY INSURANCE COMPANY ("Travelers"). The case arises out of an underlying lawsuit filed by Beaudin against Travelers insured Daniel Binsol and his parents, Armando and Zenaida Binsol, also insureds, entitled, *Ryan Beaudin v. Daniel Binsol, et al.* Contra Costa County Superior Court Case No. C09-00017 ("Underlying Action").

2. In the Underlying Action, Beaudin obtained a judgment of $300,000 against Armando and Zenaida Binsol for negligently supervising Daniel, then 18 years old, for shooting Beaudin with a gun. Travelers denied coverage. Beaudin now alleges that Travelers had an obligation to defend and indemnify the defendant insured-parents for the allegations of negligent supervision in the Underlying Action.

3. On January 2, 2009, Beaudin filed this first party insurance coverage action in the Superior Court of California, Contra Costa County entitled, *RYAN BEAUDIN v. TRAVELERS PROPERTY CASUALTY INSURANCE COMPANY and DOES 1 through 100*, Case No. C09-00017.

4. On April 10, 2009, Travelers removed this matter to the United States District Court for the Northern District of California based on diversity jurisdiction.

5. On April 17, 2009, Travelers brought a Motion to Dismiss pursuant to F.R.C.P. Rule 12(b)(6) motion on the grounds that its policy language provided no coverage to the Binsol parents for claims of "bodily injury" caused by the intentional acts of their son and that the severability clause did not change that result.

6. The parties are in general agreement that the central issue before the court is the application of the severability clause in the Travelers policy. Travelers' contends that the original Severability of Insurance clause in Section II –Conditions was deleted by Special Provisions-California endorsement, and now reads:

> Severability of Insurance: This insurance applies separately to each insured except with respect to the aggregate sublimit of Liability described in this endorsement under Section II-Conditions, 1. Limit of Liability. This condition will not increase the limit of liability for this coverage.

7. It is plaintiff's position that even if the Intentional Acts exclusion bars coverage as to Daniel Binsol's actions, it does not bar coverage for the negligent acts of his parents which proximately caused the harm, because the severability clause extends both the policy's coverage and its exclusions *individually* to each insured.

8. It is defendant's position that the severability clause does not re-write the unambiguous language of the Intentional Acts exclusion, which applies to all insureds, barring coverage.

CARLSON CALLADINE & PETERSON LLP
353 SACRAMENTO STREET
16TH FLOOR
San Francisco, CA 94111

190269_1

2

STIPULATION REGARDING CONTINUATION OF DEFENDANT'S MOTION TO DISMISS PURSUANT TO F.R.C.P. RULE 12(b)(6)
Case No. C09-00017

9. The Supreme Court has never ruled on the application of the severability clause vis a vis the Intentional Acts exclusion.

10. On April 8, 2009, the Ninth Circuit Court of Appeal in *Minkler v. Safeco Ins. Co.*, 561 F.3d 1033 certified the central question at issue here, to the California Supreme Court:

> Where a contract of liability insurance covering multiple insureds contains a severability-of-interests clause in the "Conditions" section of the policy, does an exclusion barring coverage for injuries arising out of the intentional acts of "an insured" bar coverage for claims that one insured negligently failed to prevent the intentional acts of another insured?

11. While each party to this litigation strongly believes that the California Supreme Court would rule in their favor, the parties request that the Rule 12(b)(6) Motion be continued to July 23, 2009, or as soon thereafter as the court may hear this matter, to permit the parties time to discuss private methods of resolution.

SO STIPULATED.

DATED: May 11, 2009           CARLSON, CALLADINE & PETERSON LLP

                              By _____
                                 ROBERT M. PETERSON
                                 MELISSA A. DUBBS
                                 Attorneys for Defendant, TRAVELERS
                                 PROPERTY CASUALTY INSURANCE
                                 COMPANY

DATED: May 11, 2009           LONG BLUMBERG

                              By _____
                                 JOSEPH LONG
                                 THOMAS J. BRINLEY
                                 Attorneys for Plaintiff, RYAN BEAUDIN

CARLSON CALLADINE & PETERSON LLP
353 SACRAMENTO STREET
16TH FLOOR
San Francisco, CA 94111

190269_1                          3

STIPULATION REGARDING CONTINUATION OF DEFENDANT'S MOTION TO DISMISS PURSUANT TO F.R.C.P. RULE 12(b)(6)
Case No. C09-00017

ORDER

GOOD CAUSE APPEARING, IT IS ORDRED that the Defendant's Motion to Dismiss pursuant to Rule 12(b)(6) is continued to  8/6/09  at  2:00 p.m.

**IT IS SO ORDERED**

Dated: 5/13/09

By _____
The Honorable Judge Claudia Wilken
Judge of the United States District Court for the Northern District of California

190269_1

4

STIPULATION REGARDING CONTINUATION OF DEFENDANT'S MOTION TO DISMISS PURSUANT TO F.R.C.P. RULE 12(b)(6)                                                                                    Case No. C09-00017